UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:22-cv-566-MOC-DSC

| | |
|---|---|
| **CHICAGO TITLE COMPANY, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | TEMPORARY RESTRAINING |
| ) | ORDER |
| ) | |
| **WILSON RE SERVICES, INC.-AEGON,** ) | |
| **JPMORGAN CHASE BANK, N.A.,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on plaintiff's Motion for Temporary Restraining Order ("TRO") (#2). The Court notes that plaintiff filed its Complaint (#1) on October 19, 2022. and filed its Motion for a TRO the same day. In the Complaint and pending TRO, plaintiff alleges that named Defendants Wilson Re Services, Inc.—Aegon ("Wilton Re"), infiltrated plaintiff's emails, posed as a company involved in the refinancing of a commercial property, and through a spoofed email account, instructed plaintiff to wire more than $3 million in funds to a fraudulent bank account. The funds were wired to a bank account registered with nominal Defendant JPMorgan Chase Bank, N.A. ("JP Morgan Bank").

As plaintiff has not yet filed proof of service of defendant, the Court has considered the motion to be an ex parte request for issuance of a TRO. The court has expedited consideration of this request given the time-sensitive nature of plaintiff's motion, the recent nature of the alleged violation, and the gravity of the harm outlined in the pleadings.

I.

-1-

Applications for issuance of a TRO are governed by Fed. R. Civ. P. 65(b)(1), which provides as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Id. The Court notes that "the issuance of an ex parte temporary restraining order is an emergency procedure and is appropriate only when the applicant is in need of immediate relief." Wright and Miller, 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed.).

In evaluating a request for a TRO, the court considers the same factors applied for a preliminary injunction. Pettis v. Law Office of Hutchens, Senter, Kellam & Pettit, No. 3:13-CV-00147-FDW, 2014 WL 526105, at *1 (W.D.N.C. Feb. 7, 2014) (citing Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F. 3d 411 (4th Cir. 1999)). In assessing such factors, plaintiff must demonstrate that: (1) it is likely to succeed on the merits; (2) it will likely suffer irreparable harm absent an injunction; (3) the balance of hardships weighs in its favor; and (4) the injunction is in the public interest. League of Women Voters of N. Carolina v. N. Carolina, 769 F.3d 224, 236 (4th Cir. 2014), cert. denied, 135 S. Ct. 1735, 191 L. Ed. 2d 702 (2015) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

II.

The Court has closely read the Complaint (#1) and the Motion for Temporary Restraining Order, (#2), with all attached documents, and the arguments stated in the instant motion. The Court finds that plaintiff has, at least initially, made the required showing. Specifically, plaintiff has

-2-

shown through its verified complaint that it has a likelihood of success in proving that funds wired by plaintiff as part of a real estate refinancing transaction were fraudulently diverted by agents, representatives, or associates of Defendant Wilton Re to a bank account at Defendant JPMorgan Bank ending in 1283 in the name of Wilton Re Services Inc. – Aegon (the "Account"); that plaintiff will suffer immediate and irreparable harm if Wilton Re and its agents, representatives, and associates are not enjoined from dissipating assets from the Account obtained through the fraud, and if JPMorgan Bank is not directed to freeze any accounts into which proceeds from the fraudulent diversion were placed; that the balance of harms favors plaintiff, as plaintiff has an interest in the funds and the Account will be preserved during the pendency of this proceeding; that it is in the public interest to enjoin activity in the Account to prevent Defendant Wilton Re's gain from fraudulently diverted funds; and that because notice of these proceedings provided to Wilton Re prior to the issuance of a temporary restraining order would make it likely that monies may be transferred, hidden or disposed of by Wilton Re, its agents, representative, or associates, granting this Temporary Restraining Order without notice is appropriate.

III.

The Motion for Temporary Restraining Order is converted to a Motion for Preliminary Injunction, which will be heard as provided below. Toro Co. v. Textron, Inc., 703 F. Supp. 417, 418 (W.D.N.C. 1987).

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for a Temporary Restraining Order (#2) is **GRANTED** and a **TEMPORARY RESTRAINING ORDER** is issued.

The Court therefore orders that Defendant JPMorgan Bank and its agents, employees, and representatives, is enjoined from facilitating or allowing any withdrawal, transfer, or disposition of its wired funds presently held in the JPMorgan Bank account ending in 1283 in the name of Wilton Re Services Inc. – Aegon, and JPMorgan Bank is required to maintain the funds in the Account, and any other accounts at JPMorgan Bank into which monies from the Account may have been transferred, until further Order of the Court, unless and until JPMorgan Bank transfers and returns the funds directly to plaintiff (from whom the funds were received).

Defendants are advised that violation of any term of this Order could result in a finding of contempt. Defendants are further advised that it would be beneficial to retain counsel and to have counsel represent them at the hearing on the Motion for Preliminary Injunction.

**IT IS FURTHER ORDERED** that in accordance with Rule 65(b)(2), this Order shall expire at the conclusion of the hearing on the Motion for Temporary Restraining Order, which is converted to a Motion for Preliminary Injunction, and the hearing on the Motion for Preliminary Injunction is **CALENDARED** for an adversarial hearing on October 25, 2022**, at 11:30 a.m**. at the United States Courthouse, Courtroom 5, 401 W. Trade St., Charlotte, North Carolina.

**IT IS FURTHER ORDERED** that the Court finds that, given the allegations by plaintiff that Defendants Wilton Re Services Inc.–Aegon have committed theft and computer fraud, plaintiff is not required to pay security to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained, as provided in Rule 65(c).

This Order is issued on October 21, 2022.

Signed: October 21, 2022

*[Signature]*

Max O. Cogburn Jr.
United States District Judge